IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LaTonya Parks<br>11914 Erwin Ave.<br>Cleveland, OH 44135<br><br>Plaintiff,<br><br>-vs-<br><br>Rascal House Pizza Restaurant<br>1836 Euclid Avenue<br>Cleveland, OH 44115<br><br>Defendant. | Case No.<br><br>Judge:<br><br>COMPLAINT WITH CLASS ACTION<br>ALLEGATIONS<br><br>JURY TRIAL DEMAND |

1. This is an action under Title VII of the Civil Rights Act of 1964, (Title VII), as amended, and the Civil Rights Act of 1991 for injunctive and declaratory relief and money damages for Defendant's violation of Plaintiff's rights and the Civil Rights Acts of 1866 and 1870, embodied in 42 U.S.C. § 1981, as well as Ohio state law claims.

JURISDICTION AND VENUE

2. This action is instituted and authorized by said statutes as well as the laws of the State of Ohio, including the Ohio Civil Rights Act prohibiting racial and sexual discrimination in employment.

3. Jurisdiction of this Court to hear and determine these claims is based on 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4. Supplemental and/or "pendant" jurisdiction is invoked pursuant to 28 U.S.C. § 1367.

5. A declaratory judgment is sought pursuant to 28 U.S.C. §§ 2201 and § 2202.

1

6. Venue is proper in this Court as all the acts complained of herein occurred in Ohio, within the jurisdiction of this Court.

## THE PLAINTIFF

7. The Plaintiff as an African American/black female residing in Cleveland, Ohio who worked for the Defendant as a clerk and shift manager before her termination in February 2018 during which time she was subject to racial and sexual discrimination in violation of the law.

8. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on February 6, 2018, EEOC Charge No. 532-2018-00779 alleging discrimination based on race and sex relative to the terms and conditions of her employment which included allegation of similar treatment to other African Americans as well as female employees. A copy of her charge marked as Exhibit A is attached hereto.

9. On or about July 3, 2019 the EEOC made a determination regarding said charge finding reasonable cause to believe certain of the Defendant's employment practices raised in her charge were in violation of the law. A copy of said determination is attached hereto as Exhibit B.

10. As a result of this filing and similar complaints to management regarding such treatment to her and others like her, Defendant retaliated against the Plaintiff by terminating her employment.

11. Plaintiff received a Notice of Right to Sue on or after October 16, 2019 from the EEOC giving her ninety (90) days to file suit. A copy of the notice is attached as Exhibit C.

## STATEMENT OF THE CLAIM

### COUNT I - TITLE VII: RACE AND SEX

12. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

13. The Plaintiff says the Defendant treated her and other black and female employees less favorable than Caucasian and male employees with respect to the terms and conditions of their employment including but not limited to job assignments and with respect to herself and other female employees, many of whom were African American, treated them in a derogatory and sexist manner amounting to sexual harassment.

14. As a result of Plaintiff complaining of such treatment to management, in retaliation, Plaintiff was terminated.

15. As a result of Defendant's actions and inactions, Plaintiff suffered significant emotional distress, lost income, promotional opportunities, and other compensatory damages.

### COUNT II - 42 U.S.C. § 1981

16. Plaintiff hereby reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

17. The continuing actions and inactions articulated above violate the Civil Rights Acts of 1866 and 1870, embodied in 42 U.S.C. § 1981, which guarantee that all persons within the jurisdiction of the United States shall have the same rights of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.

18. Plaintiff states that as a direct and proximate result of the intentional and malicious and/or wanton and reckless actions and/or inactions of Defendant, he has suffered the damages set out previously.

19. These continuing actions and/or inactions by Defendant were based on Plaintiff's race and/or color in violation of 42 U.S.C. § 1981.

20. The violation of 42 U.S.C. § 1981 entitle Plaintiff to the damages set out in this Section, as well as under 42 U.S.C. § 1988.

## COUNT III - OHIO RACE, SEX DISCRIMINATION

21. Plaintiff hereby reasserts the foregoing allegations and incorporate them by reference as if fully set forth herein.

22. Plaintiff brings this action under Ohio Revised Code § 4112.99 under Chapter 4112 of the Ohio Revised Code which prohibit acts of employment discrimination in Ohio on the basis of race and sex.

23. Defendant also violated Ohio law when they terminated Plaintiff.

## COUNT IV - OHIO COMMON LAW

24. Plaintiff incorporates the preceding causes of action and the related paragraphs as if fully written herein.

25. Plaintiff brings this action under the Court's pendent powers to herein enforce violations of Ohio's common law. Her termination for complaining of the acts as set out in the preceding causes of action was in violation of the public policy and amounted to a wrongful discharge.

## COUNT V – CLASS ACTION CLAIMS

26. Plaintiff brings this action on behalf of past, present and future non-exempt female employees as well as African American non-exempt employees which are too numerous to mention that joinder of all members is impracticable.

4

27. The acts which Plaintiff complains in the previous paragraphs and which are incorporated herein affected those employees with respect to the terms and conditions of their employment and are in violation of the laws set out herein.

28. The acts which Plaintiff complains are common to the class which Plaintiff seeks to represent and the defenses the Defendant will likely raise to Plaintiff's claims would be typical to the defenses of the class claims.

29. Plaintiff can fairly and adequately protect the interest of the class with the assistance of counsel who are experienced in employment and class action litigation.

30. Adjudication of Plaintiff's claim would be dispositive of the interest of members of the class as the Defendant has acted or refused to act in a manner generally applicable to the class.

31. The question of law and fact posed by the Plaintiff are common to the class members and predominate over any questions affecting individual members.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Certify a class action to include all past, present and future African American non-exempt employees as well as female non-exempt employees who were the victims of racial and/or sexual discrimination in violation of the law;

B. Declare the policies and practices of the Defendant as they effect the Plaintiff and the class members, as described herein to be unlawful and in violation of federal and state law;

C. Grant Plaintiff a permanent injunction, prohibiting Defendant from engaging in any policy or practice which discriminate on the basis of race, and/or sex;

D. Order Defendant to make Plaintiff and members of the class whole, by rehiring the Plaintiff and others with appropriate back pay, front pay and benefits, in amounts to be determined at trial as well as her seniority;

E. Award compensatory and emotional distress damages to Plaintiff and members of the class, in an amount to be proven at trial;

F. Award Plaintiff and members of the class pre-judgment and post judgment interest on all sums awarded;

G. Award Plaintiff the costs of this action, including costs and reasonable attorneys' fees including those for representing the class; and

H. Grant such other legal and equitable relief as is necessary and proper, including reasonable attorney fees.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all questions of fact raised by her Complaint.

Respectfully submitted,

/s/ Alan I. Goodman
Alan I. Goodman (0012660)
55 Public Square, Suite 1330
Cleveland, Ohio 44113
Tele: (216) 456-2486
Fax: (216) 456-2487
agoodman@aiglaw.com

/s/ *David W. Neel*
David W. Neel (0033611)
David W. Neel, LLC
16781 Chagrin Blvd.
Shaker Heights, Ohio 44120
Telephone: (216) 522-0011
Telecopier: (844) 548-3570
dwneel@neellaw.com
*Attorneys for Plaintiff*